UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERRID ALI, | ) |
| Plaintiff, | ) Case No. 2:12-cv-01571-JCM-CWH |
| vs. | ) **ORDER** |
| MELANIE ANDRESS-TOBIASSON, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Affidavit of Fact Writ of Error (#5), filed January 14, 2013.

**BACKGROUND**

On December 17, 2012, the Court reviewed Plaintiff's initiating documents, including the financial affidavit attached as exhibit 1 thereto. *See* Order (#4). The initiating documents were submitted without a filing fee or an application to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a)(1), 28 U.S.C. § 1915(a)(2), or Local Rules for Special Proceedings ("LSR") 1-1. In his attached financial affidavit, Plaintiff indicated that did not have or possess "any gold or silver coins," but refused to provide anything further. *See* Ex. 1 attached to (#1). He further stated that the demand for a financial statement "is used as an instrument to deny me due process of law and [his] right to free access to the courts." *Id*.

In its reviewing order (#4), the Court pointed out that federal law requires a filing fee of $350.00 to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The Court further informed Plaintiff that it may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). In this district, that

application must be made on a form provided by the Court. *See* LSR 1-1 ("Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses and liabilities.").

Because the initiating documents did not include the required financial affidavit, Plaintiff's request for leave to proceed *in forma pauperis* was denied without prejudice. The Court instructed the Clerk's office to mail Plaintiff a blank application to proceed *in forma pauperis*, and Plaintiff was given until January 15, 2013 to file a completed application and signed financial certificate. Alternatively, Plaintiff was instructed that he could make the necessary arrangements to pay the filing fee of three hundred fifty dollars ($350.00). Plaintiff was warned that failure to comply with the order would result in a recommendation that Plaintiff's request to proceed *in forma pauperis* be denied and this case dismissed.

After receiving the Court's order, Plaintiff filed what he has designated an "Affidavit of Fact Writ of Error." (#5). In his filing, Plaintiff indicates that he has reviewed the Court's Order (#4) and asserts that this court "does not have lawful jurisdiction to hear, present or pass judgment in any matter concerning my affairs . . . ." Plaintiff asserts further that his prior affidavit was not a motion, but an exercise of his right to proceed *in forma pauperis*. He reiterates his position that the requirement to submit a financial affidavit denies him due process of law and his "right to free access to the Courts." Plaintiff concludes by demanding unencumbered, free access to the court.

## DISCUSSION

Plaintiff's filed affidavit (#5) is either a request for reconsideration of the undersigned's prior order (#4) or a renewed application for leave to proceed *in forma pauperis*.[1] Regardless of how classified, the affidavit does not set forth sufficient facts to justify any relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to

---

[1] Given the timing of the filing, it does not appear Plaintiff intended this to be an appeal of the undersigned's prior order. Any appeal of or objection to that order was due within fourteen (14) days after service of the ruling. *See* 28 U.S.C. § 636(b)(1)(A) and (b)(1)(B); *see also* Local Rule IB 3-1 and 3-2.

reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

The Court may also exercise its inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114.

To the extent Plaintiff's filing is a request for reconsideration, it is denied. Plaintiff has simply reiterated the same arguments raised and addressed in his prior affidavit (#3). A motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). As with his prior affidavit, Plaintiff appears to believe that the imposition of any filing fee infringes his constitutional right of access to the court. The right of access to the courts is fundamental, but has never been interpreted to mean that access must also be free. *See Beck v. Symingon*, 972 F.Supp. 532, 534 (D. Ariz. 1997); *see also Roller v. Gunn*,

107 F.3d 227, 231 (4th Cir. 1997) ("[T]he right of access to federal courts is not a free-floating right, but rather is subject to Congress' Article III power to set limits on federal jurisidition . . . . Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them. The Supreme Court has never recognized an 'unlimited rule that an indigent at all times and in all cases has the right to relief without payment of fees.'"); *Lumbert v. Illinois Dep't of Corrections*, 827 F.2d 257, 259 (7th Cir. 1987) ("[I]t is not true that placing any cost on the filing of litigation violates the Constitution. Otherwise all filing fees would be unconstitutional, which of course they are not . . . . The correct principle is that reasonable costs may be imposed on person who want to sue.").

Plaintiff appears to argue that he has a constitutional right to proceed *in forma pauperis*. This is incorrect. The Ninth Circuit has held that *in forma pauperis* status "is not a constitutional right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999). "As a congressionally created benefit, [*in forma pauperis*] status is not constitutionally mandated and can be extended or limited by Congress. 'Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them.'" *Id.* (citations omitted). Indeed, "the statutory benefit of 28 U.S.C. § 1915, enabling a party, under some circumstances, to proceed in form pauperis in the federal courts, is conferred as a *privilege only*, not as a matter of right." *Hahn v. United States*, 917 F.2d 27 (9th Cir. 1990) (citations omitted) (emphasis in original). The denial of *in forma pauperis* status does not violate due process. *See e.g.*, *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984).

The Court notes that Plaintiff has not been denied the opportunity to proceed *in forma pauperis*. The Court has simply ruled that the affidavit submitted in support of the request to proceed *in forma pauperis* did not provide sufficient information. Pursuant to the Court's Local Rules, "[a]ny person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*." *See* LSR 1-1. That rule further provides that "[t]he application <u>shall</u> be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses and liabilities." *Id*. The form may be obtained, free of charge, from the Court's website. The form has also been mailed directly to Plaintiff. Even

so, Plaintiff has refused to complete the form and provide the required information. Consequently, the Court has been unable to rule on the request to proceed *in forma pauperis*.

Even setting aside the failure to submit the required form, the Plaintiff's submitted affidavit also fails to provide the necessary information enabling the Court to make a ruling on the request to proceed *in forma pauperis*. Section 1915 provides that "any court of the United States may authorize commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, appeal therein, without prepayment of fees or security therefor, <u>by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees or give security therefore.</u>" 28 U.S.C. § 1915(a)(1) (emphasis added). Plaintiff has simply indicated that he does "not have, or possess, any gold or silver coins." This information does not satisfy the requirement for a "statement of all assets." Thus, to the extent the affidavit (#5) constitutes an additional attempt to satisfy the *in forma pauperis* requirements, it is insufficient and, therefore, denied. It is denied, however, without prejudice. The Court will give Plaintiff an additional opportunity to submit the proper form.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Affidavit of Fact Writ of Error (#5), to the extent it is a motion for reconsideration, is **denied**. To the extent it is a renewed application to proceed *in forma pauperis*, it is **denied without prejudice**.

**IT IS FURTHER ORDERED** Plaintiff shall have until **Friday, March 8, 2013**, in which to file a completed Application to Proceed *In Forma Pauperis*, accompanied by a signed financial certificate. In the alternative, Plaintiff shall make the necessary arrangements to pay the filing fee of three hundred fifty dollars ($350.00), accompanied by a copy of this Order. Failure to comply with this Order will result in a recommendation that Plaintiff's Application to Proceed *In Forma Pauperis* be denied with prejudice and this case dismissed.

DATED this 11th day of February 2013.

_____
C. W. Hoffman, Jr.
United States Magistrate Judge